UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TERESA MASLOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:22 CV 6 |
| | ) |
| BROOKSIDE CONDOMINIUM | ) |
| ASSOCIATION II, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Plaintiff Teresa Maslowski obtained a clerk's entry of default against defendants Lawrence Martinez and Charlotte Martinez ("defendants"). (DE ## 71, 72.) Before the court is defendants' motion to vacate the Clerk's entry of default. (DE # 75.) For the reasons that follow, defendants' motion is granted.

### I.   BACKGROUND

Plaintiff filed her complaint on January 10, 2022, and defendants waived service of summons and the complaint on February 4, 2022. (DE ## 1, 10, 11.) Defendants' responses to the complaint were due March 11, 2022. Defendants did not respond to the complaint.

Plaintiff filed an amended complaint on December 15, 2022. (DE # 52.) Defendants were served with copies of the amended complaint on January 26, 2023, and their responses were due by February 16, 2023. (DE ## 67, 68.) Again, defendants failed to respond.

On March 19, 2023, plaintiff moved for a clerk's entry of default against defendants. (DE # 70.) The Clerk entered default against defendants the following day, on March 20, 2023. (DE ## 71, 72.) Two days later, on March 22, 2023, Lawrence filed a motion for an extension of time to answer the amended complaint. (DE # 73.) It appears that he was attempting to make this request on behalf of himself and Charlotte – though, as a *pro se* party, he was not authorized to act on Charlotte's behalf. On March 30, 2023, counsel entered an appearance on behalf of defendants and filed the motion now before this court. (DE ## 74, 75.)

This lawsuit arises from defendants' sale of their condominium to plaintiff. (DE # 52.) Plaintiff's amended complaint asserts that defendants failed to disclose a covenant prohibiting minors from residing in the condominium. (*Id.*) Defendants assert that, upon listing their unit for sale, they delivered a copy of the covenant to their real estate agent. (DE ## 75-3, 75-4.) They claim that they did not know that plaintiff had minor children. (*Id.*)

In their motion and supporting affidavits, defendants note that Lawrence is 79 years old and his wife Charlotte is 76 years old, and they are both unfamiliar with the legal process. (*Id.*) They claim that they were unaware of the pending litigation against them prior to receipt of the amended complaint, though that assertion is contradicted by their waiver of service. Upon receipt of the amended complaint, Lawrence contacted his real estate agent, who told him "not to worry about it, the other lawyers would

2

settle the case," and defendants relied on that assertion until they received notice of the Clerk's entry of default against them. (*Id.*)

## II.     LEGAL STANDARD

Rule 55 permits a court to set aside an entry of default prior to the entry of final judgment if: (1) good cause is shown; (2) quick action was taken to correct it; and (3) there is a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009).

"Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error; as used in this Rule, the phrase is not a synonym for 'excusable neglect.'" *Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007); *see also Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023). "Like damages in civil litigation, the sanction should fit the offense." *Sims*, 475 F.3d at 868. "Damages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case." *Id.* (emphasis in original).

To satisfy the "meritorious defense" prong of the test, the defendant must present more than bare legal conclusions, but less than a definitive showing that the defense will prevail. *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014); *see also Cracco*, 559 F.3d at 631 (meritorious defense prong satisfied where defendant explained nature of defense and provided factual basis for defense).

While the test to vacate an entry of default and a default judgment are the same, the test "is more liberally applied in the Rule 55(c) context." *Cracco,* 559 F.3d at 631

(citation and quotation marks omitted). There is a policy in this circuit favoring trial on the merits over default judgment. *Id.* Default judgments are a "weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Escamilla*, 62 F.4th at 372 (citation and quotation marks omitted).

### III.   ANALYSIS

Here, the court is satisfied that the requirements of Rule 55(c) have been met and the entry of default against defendants should be vacated. First, there is good cause to vacate the entry of default. Defendants' conduct was negligent, rather than deliberate. *See Cracco*, 559 F.3d at 631 (finding good cause for defendant's lateness in answering where defendant's agent's employees did not understand significance of summons and failed to respond through inadvertence, not willfulness). Moreover, any injury to plaintiff is negligible, given that it has only been two months since defendants' responses to the amended complaint were due. *See Sims*, 475 F.3d at 869 ("What [defendant] did (better, neglected to do) extended this suit by a few months and perhaps caused the [plaintiffs] some anxiety and marginal legal expenses.") In light of these factors, and this circuit's policy favoring a resolution on the merits, the court finds that the good cause prong is satisfied.

Defendants also took swift action to correct the problem. Two days after the entry of default, defendants attempted to obtain more time to file their responses to the amended complaint. Eight days after that, counsel appeared on behalf of defendants and filed the instant motion to vacate the entry of default.

Finally, defendants have identified a meritorious defense to the charges against them. They claim that they provided their real estate agent with a copy of the property's by-laws and/or covenants, which indicated that there were no children allowed in the unit. The court therefore finds that the Rule 55(c) prerequisites for vacating the entry of default have been satisfied.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants' motion (DE # 75) and **ORDERS** that the Clerk's entry of default against defendants Lawrence Martinez and Charlotte Martinez be set aside. (DE ## 71, 72.)

                                    **SO ORDERED.**

Date: April 21, 2023

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT