UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TERESA MASLOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-6-GSL-AZ |
| | ) |
| BROOKSIDE CONDOMINIUM | ) |
| ASSOCIATION II, INC., *et al.* | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are two similar motions filed by two different groups of defendants, Defendants Brookside Condominium Association II, Inc., Brookside Condominium Association, Inc. Judy Pieszchla and Anna Urosevich's Amended Motion for Leave to Amend Answer [DE 117] and Defendants Listing Leaders Select, LLC and Charissa Ellis's Amended Motion for Leave to File Amended Answer to First Amended Complaint [DE 118]. Both motions contain the same substantive request: to allow the remaining Defendants to assert an affirmative defense attributing fault in whole or in part to the Defendants who have settled with Plaintiff. Plaintiff opposes both motions. *See* DE 121, 122. For the reasons discussed below, the Court will grant Defendants' motions.

### Background

In August 2020, Plaintiff Teresa Maslowski purchased a condo unit in a building located in Munster, Indiana. DE 52 (Am. Compl.) at ¶ 29. She purchased the condo with plans to live in it with her minor children. But the condo association's

bylaws and rules and regulations prohibited minors from living in the building. *Id.* at ¶¶ 35–36. Plaintiff says she was unaware of this prohibition when she bought the condo and that the association's attempt to enforce the bylaws and rules against her was unlawful. She further alleges that she was forced to sell the condo and purchase a more expensive home as a result, suffering damages in the process. Plaintiff's amended complaint includes claims for violations of the federal Fair Housing Act (FHA) and Indiana state law claims for fraudulent misrepresentation and breach of fiduciary duty.

In Count I, Plaintiff alleges that Defendant Brookside Condominium Association, Inc. and Brookside Condominium Association II, Inc. (the condo associations for the building in which she purchased a unit) violated the FHA through familiar status discrimination. DE 52 at ¶¶ 46–54. In Count II, Plaintiff alleges that Defendants Lawrence J. Martinez and Charlotte M. Martinez (the sellers of the Unit) made material misrepresentations to her. DE 52 at ¶¶ 55–63. Plaintiff has settled with the Martinez Defendants. In Count III, Plaintiff sues Defendants NWI Real Estate Specialists, Luciano Cruz and David J. Jacinto (the sellers' real estate agents) for material misrepresentation, fraudulent inducement and professional negligence. DE 52 at ¶¶ 64–68. Plaintiff has also settled with these Defendants. In Count IV, Plaintiff alleges that that Defendants Listing Leaders Select LLC and Charisa Ellis (Plaintiff's real estate agents) breached their fiduciary duties to her. DE 52 ¶¶ 69-75. In Count V, Plaintiff alleges that Defendants Judy Pieszchala and Anna Urosevich

(owners of other units in the building and members of the condo association's board) violated the FHA through "unlawful coercion." DE 52 at ¶¶ 76–84.

On May 29, 2024, Plaintiff filed a stipulation, asking that her claims against certain Defendants be dismissed because she had settled with them. DE 100. That same day, several of the other Defendants objected to the stipulation, DE 101, and the following day the remaining Defendants who had not settled joined the objection. DE 102. The Court set a hearing on the stipulation and Defendants' objection, but before that hearing was conducted Plaintiff filed a new motion to dismiss certain and Defendants. DE 109. In that motion, Plaintiff represented that "[t]he Parties have agreed that Plaintiff dismiss her claims against the Martinez and NWI Defendants, ***but that they be retained in the matter as non-party defendants***" DE 109 at ¶ 8 (emphasis added). The Court granted the motion, dismissed the claims against the settling Defendants (but keeping them as non-parties) and vacated the scheduled hearing given the resolution of Defendants' objections via agreement of the parties. *See* DE 111 and 112.

Thus, three counts currently remain in the Amended Complaint, two counts alleging violations of the FHA against the two condo associations and their board members, and one breach of fiduciary duty claim against Plaintiff's real estate agents. These remaining Defendants wish to assert as an affirmative defense that the seller and seller's agents (again, all of whom have settled with Plaintiff) were solely or partially at fault for any liability in accordance with the Indiana Comparative Fault Act. *See* Ind. Code. 34-51-2-1 *et seq*.

3

**Discussion**

Motions for leave to amend the pleadings after the deadline set by the scheduling order are evaluated in a two-step process. At the first step, the Court asks if the moving party has shown "good cause" under Federal Rule of Civil Procedure 16(b) to allow for an amendment when a motion to amend comes after the deadline set in the scheduling order. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* If good cause is shown, the Court proceeds to the second step and applies Rule 15(a)(2)'s standard for amendments. Fed. R. Civ. P. 15(a)(2). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Rule 15 in turns directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "By its plain terms, the rule reflects a liberal attitude towards the amendment of pleadings—a liberality consistent with and demanded by the preference for deciding cases on the merits." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008). That said, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

### A. Rule 16 Good Cause Analysis

Plaintiff argues that Defendants have not shown good cause to modify the scheduling order to allow for amendments after the deadline originally set by the Court. That deadline was November 30, 2022. *See* DE 35. And while Defendants' motions do not do much in terms of laying out why good cause has been shown, it is apparent from the record of this case why Defendants would not have previously sought leave to amend their answers. As discussed above, this issue only arose after Plaintiff settled in May 2024. And when Defendants objected, Plaintiff agreed in writing in her prior motion to this Court that the Defendants who settled would remain as "non-party Defendants." DE 109 at ¶ 8.

Thus, Plaintiff's assertion that "Defendants could have been placing blame on one another for two years by filing cross claims but had not," *see* DE 122 at 2, is misplaced. Defendants had no need to assert an affirmative defense (or cross claims) against non-parties while these entities and individuals were their co-Defendants. It was only after Plaintiff settled with certain Defendants and sought to remove them from the case that Defendants sought to keep them in as non-parties. And Defendants did so promptly after Plaintiff notified the Court that she had settled. Accordingly, the Court finds there to be good cause for allowing the remaining Defendants to seek to amend their answers even though the previously set deadline to do so has passed.

### B. Rule 15(a)(2) Amendment Analysis

While the Federal Rules of Civil Procedure favor allowing amendments so that cases may be decided on the merits, leave to amend is "inappropriate where there is

5

undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa*, 924 F.2d at 632 (citing *Foman*, 371 U.S. at 183). In her opposition, Plaintiff does not spell out which grounds she says warrants denial. Instead, she argues that the Defendants "have not shown that [the Indiana Comparative Fault Act] should pertain to this case." DE 122 at 3. This is somewhat of a futility argument, but Plaintiff's framing of the issue mixes up whose burden it is at this stage. Defendants need not "show" that the Indiana Comparative Fault Act applies to every remaining claim or that their affirmative defenses will carry the day at trial. Instead, it is Plaintiff who must convince the Court that the affirmative defense must be futile.

Plaintiff has not carried her burden as to futility. All she points to is 42 U.S.C. § 1988(a) which relates to how federal courts should resolve choice of law issues in civil rights cases. Plaintiff cites no cases directly on point or cases involving application of Indiana's Comparative Fault Act (or another state's analogous law) to FHA or how application will frustrate the purposes of the FHA. Without sufficient legal support for her arguments, the Court cannot with confidence conclude at this stage that Defendants' proposed affirmative defense is futile.

What's more, Plaintiff's opposition to the present motions for leave contradicts her earlier agreement (and representation to the Court) that the Defendants she settled with should remain "non-parties" to the lawsuit. *See* DE 109. Indeed, it was because of this representation that the non-settling Defendants withdrew their

6

objections to Plaintiff's attempted stipulation and the Court dismissed the claims against the settling Defendants. Thus, as Defendants note, their new affirmative defense at this stage of the litigation is akin to effectuating the Court's prior order and conforming the pleadings to the realities of the case.

Finally, Plaintiffs' arguments concerning the relationship (if any) between Indiana's comparative fault statute and the federal FHA claims she brings are more suited for a motion for summary judgment or a motion *in limine*. At a minimum, Plaintiff has not demonstrated that the asserted affirmative defenses sought to be added are futile, which is the standard which applies for amended pleadings under Rule 15(a)(2) of the Federal Rules of Civil Procedure.

## Conclusion

For the foregoing reasons, Defendants' Amended Motion for Leave to Amend Answer [DE 117] and Defendants', Listing Leaders Select, LLC and Charissa Ellis, Amended Motion for Leave to File Amended Answer to First Amended Complaint [DE 118] are **GRANTED**. Defendants shall file their amended answers on or before **January 31, 2025**.

SO ORDERED this 24th day of January 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT